United States District Court
for the
Southern District of Florida

| | |
|---|---|
| James Mathurin, Movant, | ) |
| | ) |
| v. | ) |
| | ) Case No. 19-20830-Civ-Scola |
| United States of America, | ) |
| Respondent. | ) |

## **Order on the Movant's Objection to Magistrate Judge's Order**

This matter is before the Court on Movant James Mathurin's motion (ECF No. 70) filed pursuant to Rule 72(a) of the Federal Rules of Civil Procedure to set aside an Order entered by United States Magistrate Judge Lisette M. Reid on January 1, 2020 (ECF No. 63). This case was referred to Judge Reid, consistent with Administrative Order 2019-2 of this Court, for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters. The Order under review denied the Movant's various motions seeking to compel discovery, grant immediate release on bond, intervene, hold the Respondent in contempt, and obtain the status of the Respondent's response to discovery motions. (*See generally* ECF Nos. 40, 46-49, 54-57, 60.) The Court now reviews Judge Reid's Order denying these motions. (ECF No. 63.)

"When a party objects to a magistrate's non-dispositive order, the district court must consider those 'objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.'" *Traylor v. Howard*, 433 F. App'x 835, 836 (11th Cir. 2011) (quoting Fed. R. Civ. P. 72(a)); *see also* Mag. J. L.R. 4(a). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Summit Towers Condo. Ass'n, Inc. v. QBE Ins. Corp.*, 2012 WL 1440894, at *1 (S.D. Fla. Apr. 4, 2012) (Seitz, J.) (citation omitted). A magistrate judge's ruling is deemed "clearly erroneous" only when the district court "is left with the definite and firm conviction that a mistake has been committed." *See Salazar v. Wells Fargo Bank, N.A.*, 2011 WL 379145, at *3 (S.D. Fla. Feb. 2, 2011) (Lenard, J.) (citation omitted). "Clear error is a highly deferential standard of review." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005). "This standard has been described as 'a very difficult one to meet.'" *Thornton v. Mercantile Stores Co.*, 180 F.R.D. 437, 439 (M.D. Ala. 1998).

The Court finds that Judge Reid's Order is not clearly erroneous or contrary to law. As to the motion for immediate release on bond during the

pendency of the habeas proceedings, Judge Reid's Order is based on well-established law. To the extent the objection avers that Judge Reid misapprehended the factual basis of the motion, which is not entirely clear from the objection (ECF No. 70 at 9-11), the applicable law would yield the same result. The Movant has not made a sufficient showing for immediate release. *See, e.g.*, *Gomez v. U.S.*, 899 F.2d 1124, 1125 (11th Cir. 1990) ("[E]xtraordinary and exceptional circumstances must exist which make the grant of bail [pending habeas corpus] necessary to preserve the effectiveness of the habeas corpus relief sought.") (citation omitted). Similarly, the multiple discovery motions are based on either speculation or a theory that is so vague—namely, an "ambush" by prosecutors on defense counsel in the underlying proceedings—that they do not warrant the relief sought. The discovery motions also fail under the rule that, absent good cause, habeas petitioners are "not entitled to discovery as a matter of ordinary course." *See Bowers v. U.S. Parole Com'n, Warden*, 760 F.3d 1177, 1183 (11th Cir. 2014) (citation omitted). The Movant's separate "motion to intervene" was also appropriately denied. (ECF No. 60.) Construing the motion to intervene as an appeal to this Court arising from Judge Reid's denial of earlier discovery motions, the Court finds the factual and legal bases to be lacking. Judge Reid properly found that the Movant's speculative theories in favor of discovery were uncompelling, particularly in light of the general prohibition of discovery in habeas cases absent good cause. (ECF No. 63.) The Movant has also failed to meet his burden to hold the Respondent in contempt and to show that Judge Reid erred by not awaiting the Movant's reply to the Respondent's memorandum of law in opposition to the discovery motions. The Respondent's response brief was timely filed and the Movant did not sufficiently demonstrate that he never received the brief, which was mailed to him. (ECF No. 53 at 7.) Having undertaken a review beyond the "clear error" standard, the Court finds Judge Reid's Order to be cogent and compelling.

Accordingly, the Court **overrules** the Movant's objections (**ECF No. 70**) and **affirms** Judge Reid's Order (**ECF No. 63**). The Court also **denies** as moot the Movant's motion for a ruling by this Court on all pending motions. (**ECF No. 76**.) The Clerk of Court is **directed to mail copies of this Order** to the Movant at the address listed below.

**Done and ordered** at Miami, Florida, on April 1, 2020.

_____
Robert N. Scola, Jr.
United States District Judge

*Copy, via U.S. Mail, to*:

James Mathurin
82367-004
Coleman I-USP
United States Penitentiary
Inmate Mail/Parcels
Post Office Box 1033
Coleman, FL 33521